Date signed May 23, 2007



                                                 **PAUL MANNES**
                                         **U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CURTIS DARAMOLA | : | Case No. 06-18544PM |
| BUKKY DARAMOLA | : | Chapter 11 |
| | : | |
| Debtors | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| CAPITOL ONE | : | |
|   a Maryland general partnership | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| CURTIS DARAMOLA | : | |
| Respondent | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

      Before the court are two matters, (1) the Debtors' Motion to Value Collateral and Avoid Security Interest that the court denied as moot, and (2) a Motion filed by Capitol One, a Maryland general partnership, for relief from the automatic stay of 11 U.S.C. § 362(a) so as to allow it to move for ratification of a foreclosure sale said to have taken place, according to the Trustees' Report of Sale, November 14, 2006, at 12:30 p.m., in front of the Courthouse in Baltimore City, Maryland. (Doc. # 81-3).

      The Trustees' Report relating to a sale in Baltimore City concerns the court in that the subject property is located in Baltimore County, Maryland. This is one of a number of irregularities attendant to the sale besides those described by counsel for the Debtors in open court.

It is long settled law, as pointed out by the moving party that when the auctioneer's hammer fell the Respondent/Debtor lost his right to exercise his equity of redemption. All that remains for the reunion of legal and equitable title is the ratification of the sale by the Trustees. The right to cure defaults with respect to claims secured by a lien on Debtor's residence ceases when the auctioneer's hammer falls. 11 U.S.C. § 1322(c)(1). This has long been the law in Maryland. *Butler v. Daum*, 226 A.2d 261, 264 (Md. 1967); *In re DeSouza*, 135 B.R. 793, 795 (BC Md. 1991); *In re Denny*, 242 B.R. 593, 597-599 (BC Md. 1999). The court finds that cause exists for the modification of the automatic stay so as to permit the parties to litigate in state court the issues of ratification of the Trustees' sale. Following a foreclosure sale, the Debtor's only source of recourse is to object to the ratification of the sale by the state court. Filing this bankruptcy case did not enable the Debtor to nullify Maryland law. But nothing in this Memorandum may be taken to support in any fashion the validity of the sale. That is a matter for the state court to determine.

An appropriate order will be entered.

cc:
Byron L. Huffman, Esq., 5550 Sterrett Place, Suite 204, Columbia, MD 21044
Curtis/Bukky Daramola, 129 Northampton Drive, Beltsville, MD 20705
Omar J. Simpson, Esq., 8325 Cherry Lane, Laurel, MD 20707
United States Trustee, 6305 Ivy Lane, #600, Greenbelt MD 20770

**End of Memorandum**